# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, a Nevada corporation,<br><br>     Plaintiff,<br>  v.<br><br>LUBERTY MUTUAL FIRE INSURANCE CO., a Wisconsin corporation,<br><br>     Defendant. | Case No. 3:19-cv-0752-L-JLB<br><br>**ORDER ADMINISTRATIVELY CLOSING CASE** |

  Plaintiff filed this insurance coverage lawsuit seeking to compel Defendant to cover the costs of litigation in a suit against Plaintiff, titled, *Leaf Trading Cards, LLC v. The Upper Deck Co.*, Case No. 3:17-cv-3200 ("the *Leaf* action"). On November 22, 2019, the Court granted the parties' joint request to stay this action until the resolution of the underlying *Leaf* action, currently pending in the United States District Court, Northern District of Texas. [ECF No. 32.] The parties were ordered to file status reports on the *Leaf* action every sixty (60) days and were directed to notify this Court within 14 days after a decision is reached that case.

The parties regularly filed status reports until September 21, 2020, then stopped filing reports. After six months passed with no status reports, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for failure to prosecute. [ECF No. 39.]

In response to the OSC, Plaintiff's counsel filed a declaration stating that the parties were proceeding with mediation before the COVID-19 pandemic struck, but that in March 2020, discovery, motions, and hearings in the *Leaf* action were cancelled or delayed, and the jury trial in Dallas, Texas was cancelled and rescheduled several times, due to the pandemic. (Lowe Declaration at 2). The trial is now scheduled for September 2021. (*Id*.) The parties are hopeful the case will settle, but if not, the parties must wait for the conclusion of the *Leaf* action trial to determine the issues in the present case. (*Id*.) The parties anticipate that the *Leaf* action will be resolved within six months.

As noted above, the parties' request for a stay was granted because it was anticipated to be of limited duration and the parties agreed to file regular status reports. Neither proved to be the case. The parties stopped filing status reports, and the stay now appears to be open-ended. (ECF nos. 31, 32, 39). A court should not grant an open-ended stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Accordingly, it is ordered as follows:

1.     The Clerk shall administratively close this action.

2.     No judgment will issue in connection with this administrative closure, and this order does not constitute a decision on the merits.

3.     No later than 28 days after judgment or dismissal of the *Leaf* action, Plaintiff shall either move to reopen or file a joint motion for dismissal. Failure to

timely comply with this order will result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 4, 2021

Hon. M. James Lorenz
United States District Judge